IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADEGBENGA TITO IJADIMINI, § | | |
| TDCJ-CID #684800, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-06-2893 | |
| § | | |
| NATHANIEL QUARTERMAN, § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM OPINION AND ORDER**

Adegbenga Tito Ijadimini, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus challenging a state court conviction under 28 U.S.C. § 2254. The petition will be dismissed as successive.

Ijadimini's habeas petition challenges a 1994 conviction and seventy-year sentence for solicitation of capital murder. State v. Ijadimini, No. 9408314 (174th Dist. Ct., Harris County, Tex., May 17, 1994). Ijadimini filed a direct appeal after he was convicted; the Texas Court of Appeals for the Fourteenth District affirmed the trial court's judgment. Ijadimini v. State, No. 14-94-0515-CR (Tex. App. Houston [14th Dist.] June 13, 1996, no pet.). No petition for discretionary review was filed.

Ijadimini filed two state habeas applications. The first was dismissed on August 13, 1997. Ex parte Ijadimini, No. 34,631-01.

The Texas Court of Criminal Appeals dismissed the second application as successive on April 2, 2003. Ex parte Ijadimini, No. 34,631-02. See Texas Judiciary Online, http://www.cca.courts.state.tx.us/opinions/CaseSearch.asp.

Prior to the current action Ijadimini filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction. That petition was dismissed after the court granted the respondent's motion for summary judgment. Ijadimini v. Johnson, No. H-97-3580 (S.D. Tex. June 16, 1999). Ijadimini is again before the federal district court contesting the same state court conviction.

Under current law this action is barred because it is a successive federal habeas challenge to a state court conviction. 28 U.S.C. § 2244(b). Because of the prior dismissal, Ijadimini must first obtain permission from the United States Court of Appeals for the Fifth Circuit before filing another habeas petition. 28 U.S.C. § 2244(b)(3). There is no showing that the Fifth Circuit has granted permission to Ijadimini. Without such permission, this action must be dismissed for lack of jurisdiction. Hooker v. Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999).

This action is **DISMISSED without prejudice** to Ijadimini seeking approval from the Fifth Circuit Court of Appeals to proceed in this court. 28 U.S.C. § 2244(b)(3).

Should Ijadimini file a Notice of Appeal challenging this Memorandum Opinion and Order, a Certificate of Appealability will be **DENIED** because he has not "made a substantial showing of the denial of a constitutional right." Kutzner v. Cockrell, 303 F.3d 333 (5th Cir. 2002), citing 28 U.S.C. § 2253(c)(2).

The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner and a copy of the petition and this Memorandum to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 15th day of September, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE